**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID R. CULP, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 08-1500 |
| LA SALLE UNIVERSITY, et al. | : | |

**MEMORANDUM AND ORDER RE: CROSS MOTIONS TO COMPEL**

**Baylson, J.**                                                                    **December 24, 2008**

In this employment action against LaSalle University ("LaSalle") and several of its

administrators/faculty members, Plaintiffs David Culp and Isobel Berry Culp are both attorneys

and are proceeding pro se.  Plaintiff David Culp is a tenured faculty member who teaches

business law courses.  He asserts that Defendants have taken improper actions against him

because of age discrimination and he alleges other claims, including infliction of emotional

distress.

Plaintiff Isobel Berry Culp alleges that she was improperly terminated from her teaching

position at LaSalle and alleges claims based on civil conspiracy, intentional infliction of serious

emotional distress, defamation and breach of contract.

This Memorandum will summarize some of the arguments and discussion at the hearing

held on December 22, 2009.  Discovery in this case has been unnecessarily contentious.  The

record of that hearing contains further comments and observations concerning the discovery

issues presented by the cross Motions to Compel (Doc. Nos. 29 and 30).  Both Motions will be

GRANTED in part and DENIED in part.

1.      **Privileged Documents**

Initially, as to documents which Plaintiffs allege have been improperly designated as

privileged or as to which there have been allegedly improper redactions, the Court will require

defense counsel to submit them for <u>in camera</u> review.

      **2.**        <u>**Insurance Policies**</u>

The Court also inquired about Plaintiffs' contention that Defendants have not produced

all insurance policies relevant to this claim.  At the hearing, defense counsel made a

representation that only one policy provides coverage for this claim and it has been produced.

The Court will accept that representation without any contradictory evidence from the Plaintiffs

or any reason to doubt the representation by defense counsel.

      **3.**        <u>**Plaintiffs' Interrogatories and Document Requests**</u>

As to Plaintiffs' Interrogatories, the Court first notes that they violate Rule 33(a) because

although Plaintiffs have submitted twenty-five Interrogatories to each Defendant, virtually every

Interrogatory contains multiple and discrete subparts, and thus, the Interrogatories as a whole are

improper.  Nonetheless, despite objections by the Defendants, Defendants have provided answers

to most of the Interrogatories.

At the hearing, the Court requested Plaintiffs to designate the Interrogatories as to which

they contend most deserved answers or additional answers.  Plaintiffs responded that LaSalle

should be required to provide names and addresses of all persons on its witness list for deposition

and trial.  This request is denied as premature.  Plaintiffs have inquired as to names of individuals

with knowledge of the relevant facts, and LaSalle has provided this.  LaSalle shall supplement its

previous list of names of individuals with personal knowledge of the relevant facts in this case,

as appropriate, but need not designate at this time names or addresses of individuals it intends to

call at trial.  That is the purpose of the pretrial memorandum.  If it turns out that LaSalle intends

to call a witness at trial whose name should have been provided earlier as a person with personal knowledge of relevant facts, the Court may take appropriate action at that time.

Plaintiffs request that LaSalle produce student evaluations for all faculty members. The Court rejects this as overbroad and unnecessary as there is no showing that students have any substantive influence on the decisions concerning any of the employment issues in this case. There is no showing that LaSalle relied on student evaluations in making the allegedly improper decisions as to Plaintiffs. Plaintiffs are free to conduct a student survey which may be admissible into evidence at the trial of this case, if relevant and properly taken.

This points up another observation about Plaintiffs' discovery requests. Plaintiffs appear to have adopted a discovery strategy of overly broad requests so as to put the burden on LaSalle of presenting facts that subscribe to Plaintiffs' theory of the case. The Court finds this improper. Plaintiffs are free to conduct their own investigation, hire investigators, interview students or other faculty members, and assemble their own evidence. Plaintiffs cannot expect to put the expense and burden of this on LaSalle. LaSalle's duty is to come forward with facts that are relevant to Plaintiffs' claims to the extent that they are in LaSalle's custody, possession and control, and no more.

Plaintiffs' request for the budget of the Business Law Department is entirely overbroad and rejected as not relevant.

Plaintiffs complain about LaSalle's search for documents and may take a Rule 30(b)(6) deposition to inquire into LaSalle's methodology and conduct in searching for and producing documents in this case. The Court will not require LaSalle to provide this information by further answer to Interrogatories.

Plaintiffs also request "dossiers" on all promotions since 1991, which is rejected.  The Plaintiffs have been part of the LaSalle community for a number of years, and can, by their own knowledge or investigation, identify specific individuals who they believe would be appropriate "comparators" for them and may request documents relating to LaSalle's conduct concerning promotion/termination as to those specific individuals.  If LaSalle objects to providing this information, the Court will rule.

In general, Plaintiffs' discovery requests are not tailored to specific individuals or situations.  The Plaintiffs have not proposed Interrogatories or document requests that would require LaSalle to disclose facts specifically relevant to Plaintiffs' case.  The overbreadth of Plaintiffs' written discovery requests and requested time periods are improper.

For all the above reasons, the Court will not require LaSalle to make further answer to Interrogatories or produce additional documents in response to Plaintiffs' current document requests, but without prejudice to Plaintiffs promptly serving a new set of up to twenty (20) document requests, narrowly tailored in accordance with this Memorandum, to be served by Plaintiffs no later than January 5, 2009.  LaSalle shall serve any objections by January 12, 2009, and produce responsive documents by January 23, 2009.  Any Motion to Compel shall be filed promptly.  The Court has set these deadlines so that any new request for narrowly and specifically tailored document requests will not delay the start of depositions.

**4.      Defendants' Motion to Compel**

The Court rules as follows as to Defendants' Motion to Compel:

A.      Plaintiffs shall identify all medical professionals with whom Plaintiffs have treated or consulted since January 1, 2004 to the present time.

B.      The parties have disputed the scope of the release form to be signed by Plaintiffs and provided to Defendants so that Defendants can secure Plaintiffs' medical records. Plaintiffs assert that their rights of privacy would be invaded by an overly broad release form and seek to limit the medical information accessible to Defendants.  As the Court noted, when a claim for intentional infliction of emotional distress has been made, judges are uniformly allowing broader discovery of a plaintiff's medical history because all defendants faced with such a claim have a legitimate need to discover, in a broad manner, plaintiffs' medical history. Emotional distress can be caused by many factors, only some of which may relate to the allegedly improper conduct by the defendant.  In this case, Plaintiffs implied that they have had medical issues and medical procedures and concerns, but that these are not related to Defendants' conduct.  Although Plaintiffs are free to make these contentions, the Court will not so limit the Defendants' rights to discovery, or the Plaintiffs' release form.  The information must be kept confidential and is for use in this case only.  The time period shall be from 2000 to date.

Plaintiffs cited two district court cases from other districts that Plaintiffs claim establish clear law that a broad release form is improper in this case.  The Court rejects this argument.  First, in Lowe v. Philadelphia Newspapers, Inc., 101 F.R.D. 296 (E.D. Pa. 1983), Judge Van Artsdalen noted the appropriately broad nature of an inquiry into plaintiff's medical history when a claim of emotional distress has been made, as in this case.  Furthermore, in Lanning v. SEPTA, 1997 WL 597905 (E.D. Pa. 1997), Magistrate Judge Scuderi specifically held, contrary to plaintiffs' argument, that plaintiffs' gynecological medical records would be proper discovery where a claim of emotional distress has been made.

Therefore, the Court will require Plaintiffs to execute the release form prepared by

defense counsel within seven (7) days of the date of this Order.  Failure to do so may result in

dismissal of Plaintiffs' claim for damages based on emotional distress.

    C.  Defendants' request for Plaintiffs' income tax returns is rejected.

Plaintiffs will be required to produce appropriate documents, such as W-2 slips and 1099 forms,

documenting all earned income from any source from 2004 to the present.

    D.  The remaining requests of Defendants are denied without prejudice

pending Plaintiffs' depositions and Defendants may renew their requests after the depositions for

good cause shown.

    **5.**  **Depositions and Scheduling**

    A.  The Court will allow each side to take up to ten (10) depositions as

allowed by the rules.  LaSalle shall produce for deposition those individuals who are in its

current employ and shall provide last known addresses for former employees.  If, after each side

has completed five depositions, they have reason to believe that they need to take more than ten

depositions, they should file a motion to this effect, showing good cause and specific names of

the proposed deponents, and an offer of proof as to what they expect the deposition to show, and

the length of time needed.

    B.  By January 9, 2009, Plaintiffs shall serve defense counsel with a list of up

to ten (10) persons and/or entities they wish to depose in this case, with an estimated time for

each deponent, along with a proposed date for each deponent consistent with the paragraphs

below.

    C.  Defense counsel shall do the same with regard to their deponents by

January 16, 2009.

D.      Depositions will be held on Monday and Wednesday for 3-1/2 hours, on

Tuesdays between 11:00 a.m. and 4:00 p.m., and on Thursdays between 11:00 a.m. and 3:00

p.m., subject to the availability of the witnesses.  Plaintiffs and defense counsel shall be available

on these days.

E.      Plaintiffs' depositions shall start the week of January 26, 2009, and

proceed on alternate weeks.

F.      Defendants' depositions shall start during the week of February 2, 2009

and continue on alternate weeks.

G.      Counsel shall be communicative and cooperative in the scheduling of

depositions.  If a proposed deponent is not available on a specific date, alternate dates shall be

suggested, discussed and agreed upon.

H.      Although Plaintiffs would prefer that all depositions are completed before

Plaintiffs serve their expert report, the Court concludes this is not necessary.  Plaintiffs shall

prioritize the depositions necessary for their experts.  Plaintiffs' expert report shall be served by

March 2, 2009; Defendants' expert report shall be served by April 2, 2009.  Plaintiffs shall take

those depositions that they believe are necessary for their expert report earlier rather than later in

this schedule or, if necessary, may supplement the expert report for facts learned subsequent to

service of the report.

I.      All depositions shall be completed by March 31, 2009.

J.      Dispositive motions shall be filed April 6, 2009.

K.      Counsel are advised that if any dispositive motions are filed and then

denied, the Court intends to try this case during the summer months of 2009.  Counsel shall

advise the Court promptly of any scheduling issues during the period June through August 2009.

<div style="margin-left: 45%;">

BY THE COURT:

s/Michael M. Baylson

_____

Michael M. Baylson, U.S.D.J.

</div>

O:\CIVIL 07-08\08-1500 Culp v. LaSalle\Culp v. LaSalle - Order Cross Motions Compel.wpd